COMMONWEALTH *vs.* ROBERT GONSALVES. No. 02-P-611. April 8, 2003. *Practice, Criminal,* Plea, Trial by jury, Trial jury-waived.

The defendant appeals the denial of his motion to withdraw his guilty plea, arguing that in the course of his plea colloquy, he should have been advised of the basic differences between a trial by jury and a trial to a judge alone, a so-called bench trial.

Despite the fine argument of able appellate counsel, such information need not be given to a defendant for the simple reason that it is irrelevant to the decision to plead guilty. A defendant must be informed of his so-called "intra-trial" rights, i.e., "the right to trial, the right to confront one's accusers, and the privilege against self-incrimination." *Commonwealth* v. *Duquette, 386* Mass. 834, 841 (1982). There is no question the defendant here was so informed. The differences between a bench trial and a jury trial fall outside the scope of these intra-trial rights.

Further, there simply is no causal nexus between the plea colloquy's alleged shortcomings and the defendant's decision to forgo a trial. See *Commonwealth*

v. *Correa*, 43 Mass. App. Ct. 714, 718 (1997) (where defendant's collateral attack on guilty plea is based on omissions in colloquy relating to defendant's intra-trial rights, defendant must show that alleged omission made difference in decision to plead guilty). The strategic considerations underpinning a decision to be tried either to a judge or a jury do not inform the quite distinct decision whether to proceed to trial at all.

*Order denying motion to withdraw guilty plea and for a new trial affirmed.*

*Adam T. Narris*, Assistant District Attorney, for the Commonwealth.

*Robert L. Sheketoff* for the defendant.