COMMONWEALTH *vs.* WILLIAM M. OSBORNE.

Suffolk. December 6, 2005. - January 17, 2006.

Present: MARSHALL, C.J., GREANEY, IRELAND, SPINA, & CORDY, JJ.

*Constitutional Law,* Trial by jury, Waiver of constitutional rights. *Practice, Criminal,* Trial by jury, Waiver of trial by jury.

Where a criminal defendant orally waived his right to a trial by jury, but there was no evidence that the defendant ever saw, read, or signed a written waiver of that right, as required by G. L. c. 263, § 6; Mass. R. Crim. P. 19 (a); and *Ciummei* v. *Commonwealth,* 378 Mass. 504, 509 (1979), the waiver was ineffective, and therefore, the defendant's conviction was invalid. [778-781]

COMPLAINT received and sworn to in the Dorchester Division of the District Court Department on January 4, 1995.

The case was heard by *Thomas J. May,* J.

After review by the Appeals Court, the Supreme Judicial Court granted leave to obtain further appellate review.

*Amanda Lovell,* Assistant District Attorney, for the Commonwealth.

*Deborah Bates Riordan (Theodore Riordan* with her) for the defendant.

CORDY, J. Following a bench trial in the Dorchester Division of the District Court Department, William M. Osborne was convicted of possession of a class B substance. He has contended on appeal that the waiver of his right to trial by jury was ineffective, and his conviction therefore invalid, because he did not sign a written waiver as required by G. L. c. 263, § 6, and Mass. R. Crim. P. 19 (a), 378 Mass. 888 (1979). The Appeals Court reversed and set aside the finding of guilt. *Commonwealth* v. *Osborne,* 62 Mass. App. Ct. 445 (2004). We granted the Commonwealth's application for further appellate review limited to the jury waiver issue. We conclude that where the Legislature has clearly indicated that a defendant can waive

his right to a jury trial only by signing a written waiver, and our prior decisions have recognized a "bright line" rule regarding the requirements for an effective waiver, Osborne's conviction must be reversed.

1. *Background.*[1] On January 4, 1995, a complaint was issued against Osborne charging him with possession of a class B substance with intent to distribute. His trial took place on October 21, 1998.[2] The transcript of the trial, as it appears in the record, begins in the middle of an apparent colloquy between the judge and the defendant regarding the defendant's decision to waive his right to a jury trial.[3] At the conclusion of the colloquy, the judge accepted the defendant's oral election to proceed without a jury, and the trial began. At the close of the trial, the judge found Osborne guilty of possession of a class B substance, a lesser included offense of the crime with which he

---

[1]For a more extensive factual background, see *Commonwealth* v. *Osborne*, 62 Mass. App. Ct. 445, 446-447 (2004).

[2]The nearly four-year delay between the issuance of the complaint and the trial is explained in part by the defendant's default. That default was later removed.

[3]What exists of the colloquy is as follows:

THE JUDGE: "And what is the highest grade you have been in school?"

THE DEFENDANT: "Eleven."

THE JUDGE: "Have you had any alcohol or drugs in the last twenty-four hours?"

THE DEFENDANT: "No."

THE JUDGE: "Is your mind clear today?"

THE DEFENDANT: "Yes."

THE JUDGE: "Have you had sufficient time to discuss this matter, about giving up a jury trial, with your counsel?"

THE DEFENDANT: "Yes."

THE JUDGE: "Are you satisfied that you are fully aware of what your rights are and that you are voluntarily electing to proceed without a jury?"

THE DEFENDANT: "Yes."

THE JUDGE: "Okay. Thank you."

Because there is no tape recording of what occurred prior to the point at which the transcript begins, the Commonwealth obtained an affidavit from the trial judge as to his usual practice in conducting a jury-waived colloquy. Cf. *Commonwealth* v. *Robles*, 423 Mass. 62, 73-74 (1996). Because we conclude that the waiver was ineffective in the absence of a written waiver, we do not rule on the adequacy of the oral colloquy as augmented by the judge's affidavit.

was charged, and sentenced him to one year in a house of correction.[4]

There is no evidence that the defendant ever saw, read, or signed a written waiver of his right to a jury trial. The court file does not contain such a waiver, and the docket sheets show no indication that a waiver was filed with the court. Nothing in the trial transcript suggests otherwise. On this basis, the defendant filed a notice of appeal on November 2, 1998. A single justice of the Appeals Court granted Osborne's motion to stay his sentence pending appeal and released him from custody on March 3, 1999.

Osborne's appeal was eventually entered in the Appeals Court on March 14, 2002.[5] Subsequently, the Appeals Court reversed the conviction, concluding that the lack of a written, signed jury waiver made the defendant's bench trial invalid. See *Commonwealth* v. *Osborne, supra* at 447-448. We granted further appellate review in light of what could be viewed as an inconsistency between the Appeals Court's decision in this case and our decision in *Commonwealth* v. *Collado*, 426 Mass. 675 (1998).[6]

2. *Discussion.* General Laws c. 263, § 6, provides that "[a]ny defendant in a criminal case other than a capital case, whether begun by indictment or upon complaint, may, if he shall so elect . . . before a jury has been impanelled to try him . . . waive his right to trial by jury by signing a written waiver thereof and filing the same with the clerk of the court." Consistent with, and in furtherance of, the statute's requirements, rule 19 (a), applicable to the District Court, makes clear that "[a] case in which the defendant has the right to be tried

---

[4]The judge found Osborne not guilty of possession with intent to distribute and of possession with intent to distribute in a school zone.

[5]Although Osborne filed a notice of appeal on November 2, 1998, the notice of assembly of the record of appeal was not sent to the Appeals Court by the District Court clerk's office until March 13, 2002. The docket sheet contains no explanation for the delay. The Appeals Court dismissed the appeal for lack of prosecution. It was later successfully reinstated by the defendant's present appellate counsel.

[6]Before the Appeals Court, the defendant also argued that contraband introduced against him at trial was obtained as a result of an unlawful search and should have been suppressed. The Appeals Court rejected this argument, and we limited further appellate review to the jury waiver.

by a jury shall be so tried unless the defendant waives a jury trial in writing with the approval of the court and files the waiver with the clerk . . . ."

The Commonwealth concedes that the defendant's oral waiver did not conform to the requirements of either the statute or the rule. It argues, however, that neither prescribes a remedy for violations of the requirement of a written waiver, and urges us to adopt the same "substantial risk of a miscarriage of justice" standard for reversal that we adopted in *Commonwealth* v. *Collado, supra* at 678 ("in noncapital cases, an unintentional violation of either G. L. c. 263, § 6, or rule 19 [a] will result in reversal only if the defendant can show a substantial risk of a miscarriage of justice"). The Commonwealth further argues that the conviction should be upheld in this case because the lack of a written and signed jury waiver did not create a substantial risk of a miscarriage of justice where the defendant knowingly and voluntarily waived his right. We decline to adopt this standard.

Despite its broad language, *Commonwealth* v. *Collado, supra*, is inapposite to the instant case. There, two codefendants were tried at the same trial. *Id.* at 676. One defendant (Collado) requested a jury-waived trial, and that request was granted after the jury were empanelled. *Id.* The codefendant, however, did not waive his right to a jury trial. After allowing Collado's request for a jury-waived trial, the judge proceeded to conduct a bench trial simultaneously with the jury trial, in violation of another provision of G. L. c. 263, § 6.[7] That provision requires, inter alia, that "[i]n a criminal trial with multiple defendants, all defendants must be tried by a jury, or all by the judge, or else the judge must sever the cases." *Id.* at 677. The court found that the trial judge erred in permitting the joined jury and jury-waived trial to go forward, but declined to reverse the conviction because the relevant statutory provision was "procedural in nature," meant to "reduce the strain on court resources," and did not "vest any personal right in criminal defendants." *Id.* at

[7]In relevant part, G. L. c. 263, § 6, provides: "If the court consents to the [defendant's jury] waiver, he shall be tried by the court instead of by a jury, but not, however, unless all the defendants, if there are two or more charged with related offenses . . . shall have exercised such election before a jury has been impanelled to try any of the defendants . . . ."

677, 678. In sum, the court concluded that it would not "reverse a judge for his unintentional violation of a rule that was not enacted for the benefit of those in Collado's position,"[8] *id.* at 678, at least where there was no substantial risk of a miscarriage of justice.

Unlike the specific trial procedure at issue in *Commonwealth v. Collado*, *supra*, the requirement of a signed, written jury waiver is an important protection provided by the Legislature for the benefit of a criminal defendant. Cf. *Gallo* v. *Commonwealth*, 343 Mass. 397, 402 (1961) ("To avoid unnecessary controversy and *to provide a procedural safeguard*, [statute] required a written waiver and request of the defendant himself to be filed with the clerk" [emphasis added]). Trial by jury is preserved as a basic and fundamental right in our judicial system. Art. 12 of the Declaration of Rights of the Massachusetts Constitution ("And the legislature shall not make any law, that shall subject any person to a capital or infamous punishment . . . without trial by jury"). See, e.g., *Duncan* v. *Louisiana*, 391 U.S. 145, 154-157 (1968); *Commonwealth* v. *Francis*, 374 Mass. 750, 757, appeal dismissed, 439 U.S. 805 (1978). It is reasonable to assume that the Legislature intended to create a moment of pause and reflection on the part of a defendant that is concomitant with signing one's name to a formal declaration relinquishing that right. Moreover, the relevant provision of G. L. c. 263, § 6, ensures that this fundamental right will not be extinguished without a permanent record of a defendant's agreement, which in turn guards against the potential for falsified or accidental waiver.

We have recognized the importance of this legislative safeguard, see *Gallo* v. *Commonwealth*, *supra*, and have added a further safeguard requiring an oral colloquy between judge and defendant to ensure that a jury waiver is made voluntarily and knowingly. *Ciummei* v. *Commonwealth*, 378 Mass. 504, 509 (1979) ("from the date of the issuance of a rescript upon this opinion . . . the judge will advise the defendant of his

---

[8]The court in *Commonwealth* v. *Collado*, 426 Mass. 675, 677 (1998), also noted that the timing of the acceptance of the defendant's election to waive a jury trial contravened G. L. c. 263, § 6, because it occurred *after* the jury were empanelled.

constitutional right to a jury trial, and will satisfy himself that any waiver . . . is made voluntarily and intelligently"). In so doing, we made clear that it was in addition to other requirements applicable to such a waiver, including the "written memorial" mandated by the statute. *Id.*[9]

The solemnity of the written waiver and the formality of the colloquy also further the purposes of "assur[ing] that the ultimate decision regarding waiver of the jury be left to the defendant himself, not his counsel," *Commonwealth* v. *Pavao*, 423 Mass. 798, 803 (1996), and ensuring an evidentiary record that will foreclose most posttrial disputes about whether the waiver was knowingly and voluntarily made. *Id.* at 800-801. See *Gallo* v. *Commonwealth, supra.*

The rule we laid down in *Ciummei* v. *Commonwealth, supra,* requiring an oral colloquy in addition to a written waiver, has been termed a "bright line rule." *Commonwealth* v. *Pavao, supra* at 802 (failure to conduct colloquy at time defendant signed written jury trial waiver violates "bright line" rule in *Ciummei* case; convictions reversed). *Commonwealth* v. *Wheeler*, 42 Mass. App. Ct. 933, 934 (1997) ("absence . . . of a written waiver contravenes [*Ciummei*'s] bright line rule and renders the defendant's [oral] waiver invalid"). A waiver obtained without observing both requirements is ineffective. We see no reason to change this time-honored rule. Here, there was no written waiver and the conviction is therefore invalid.

> *Judgment reversed.*
>
> *Finding set aside.*

---

[9]Our decision to require a colloquy in *Ciummei* v. *Commonwealth*, 378 Mass. 504, 509 (1979), was not driven by constitutional considerations. Rather, we grafted the additional safeguard onto the written waiver "in aid of sound judicial administration." *Id.*