# RESCRIPT OPINIONS.

COMMONWEALTH *vs*. MICHAEL CASTRO. No. 07-P-510. July 18, 2008. *Controlled Substances. Practice, Criminal,* Waiver of trial by jury.

The defendant appeals from convictions in the Superior Court on two counts of trafficking in cocaine after a jury-waived trial in November, 2005. The defendant's sole argument is that given the requirements of G. L. c. 263, § 6, especially as recently interpreted in *Commonwealth* v. *Osborne*, 445 Mass. 776, 781 (2006), the waiver was ineffective, and a new trial is required because the record does not reveal a written waiver of jury trial form with his signature. We agree and reverse the convictions.

The subject of the defendant's willingness to waive his right to a jury trial first appears on the morning that trial began, following discussion of motions in limine. A recess was taken to inquire about the readiness of the jury pool for empanelment. When court reconvened, defense counsel reported, for the first time in this record, that the defendant was willing to waive his right to a jury trial. A colloquy immediately followed and is unchallenged. Neither the file, the docket entries, nor the transcript of the waiver colloquy reveals, contains, or otherwise refers to a written waiver signed by the defendant having been filed in this case.

Pursuant to G. L. c. 263, § 6, as appearing in St. 1979, c. 344, § 19, a defendant in a criminal case "may, if he shall so elect . . . waive his right to trial by jury by signing a written waiver thereof and filing the same with the clerk of the court. If the court consents to the waiver, he shall be tried by the court instead of by a jury . . . ." See Mass.R.Crim.P. 19(a), 378 Mass. 888 (1979). The Supreme Judicial Court has reiterated that the requirement of both an oral colloquy and a written waiver is a "bright line rule." *Commonwealth* v. *Pavao*, 423 Mass. 798, 802 (1996). See *Commonwealth* v. *Osborne, supra* at 781. "A waiver obtained without observing both requirements is ineffective." *Ibid.*

In *Commonwealth* v. *Osborne, supra* at 778, the court held that a conviction was invalid because there was "no evidence that the defendant ever saw, read, or signed a written waiver of his right to a jury trial." In that decision, the court explained the importance of the written waiver as follows:

> "It is reasonable to assume that the Legislature intended to create a moment of pause and reflection on the part of a defendant that is concomitant with signing one's name to a formal declaration relinquishing that right. Moreover, the relevant provision of G. L. c. 263, § 6, ensures that this fundamental right will not be extinguished without a permanent record of a defendant's agreement, which in turn guards against the potential for falsified or accidental waiver."

*Id.* at 780. In the absence of a written waiver, the court did not need to rule on the adequacy of the oral colloquy. Because "there was no written waiver . . . the conviction [was] therefore invalid." *Id.* at 781.

The Commonwealth seeks to support the validity of this jury-waived trial by relying, in these circumstances, on the "presumption of regularity," aided by the endorsement of an experienced trial judge on a motion to correct or modify the trial record. The judge wrote that he had no independent memory of the events in question, that his bench notes, not made a part of this record, refer to a written waiver, and that he required, as a part of his usual practice in such circumstances, a written waiver signed by the defendant. See *id.* at 777 n.3, citing *Commonwealth* v. *Robles*, 423 Mass. 62, 73-74 (1996).

Additionally, the Commonwealth complains that the defendant failed to put forth any evidence that he did not sign a waiver. The Commonwealth relies on *Commonwealth* v. *Hoyle*, 67 Mass. App. Ct. 10, 14-15 (2006), in arguing that the presumption of regularity shifts the burden to the defendant to put forth a showing as to the absence of a written waiver. Such reliance, however, is misplaced. That case involved a collateral attack fifteen years after the defendant's guilty plea was entered, during which time the court's records had been destroyed under its retention policy.

> "Given the time lapse and the resulting lack of District Court records, '[t]he presumption of regularity and the policy of finality thus come into play . . . to place on the defendant the requirement of showing some basis that adequately supports a negation of his convictions . . . .' This presumption of regularity, normally afforded collateral review of proceedings in which the record has been lost or destroyed, stands, unless and until a defendant advances countervailing credible and persuasive evidence sufficient to rebut that presumption."

*Commonwealth* v. *Hoyle*, *supra* at 14, quoting from *Commonwealth* v. *Grant*, 426 Mass. 667, 671 (1998). Here, there is no suggestion that the file has been destroyed; unlike in *Commonwealth* v. *Hoyle*, *supra*, there is a contemporaneous record that includes docket entries, file contents, and a transcript of the proceedings, none of which contains a reference to or entry of a written and signed jury waiver.

Additionally, the Commonwealth notes in its brief the absence of objection in the transcript by either counsel to any irregularity, such as to the lack of a written and signed waiver; it would have been more advantageous to have a statement on the record that a written waiver signed by the defendant had been submitted or received. We remind trial participants, including session clerks and prosecutors, in addition to judges, of their shared responsibility in these circumstances to make a record adequate for the occasion. See *Commonwealth* v. *Osborne*, *supra* at 781 ("The solemnity of the written waiver and the formality of the colloquy also further the purpose[] of . . . ensuring an evidentiary record that will foreclose most posttrial disputes about whether the waiver was knowingly and voluntarily made"). Such an indication on the record would have evidenced that the defendant "saw, read, or signed a written waiver." *Commonwealth* v. *Osborne*, *supra* at 778.

Given the " 'bright line' rule regarding the requirements for an effective waiver," *Commonwealth* v. *Osborne*, *supra* at 777, we are not convinced that

this record provides a sufficient substitute for a written waiver signed by the defendant. We are thus constrained to reverse the convictions.

*Judgments reversed.*
*Findings set aside.*

*Cynthia Vincent Thomas* for the defendant.
*Eva M. Badway*, Assistant Attorney General, for the Commonwealth.