Commonwealth *v*. Hubbard.

COMMONWEALTH *vs*. CORY D. HUBBARD.[1]

Bristol. March 4, 2010. - May 27, 2010.

Present: MARSHALL, C.J., IRELAND, SPINA, COWIN, CORDY, BOTSFORD, & GANTS, JJ.

*Practice, Criminal,* Plea, Trial by jury, Waiver of trial by jury.

A District Court judge properly denied the criminal defendant's motions to vacate his guilty pleas, as well as motions for reconsideration, where a written jury trial waiver was not required to enter a valid guilty plea, and the absence of a written jury trial waiver did not violate G. L. c. 263, § 6, or Mass. R. Crim. P. 19 (a). [25-29]

COMPLAINTS received and sworn to in the New Bedford Division of the District Court Department on October 6 and November 13, 1997, respectively.

Motions to vacate and withdraw guilty pleas, filed on March 17, 2005, were heard by *Joan E. Lynch*, J., and motions to reconsider, filed on March 31, 2005, and August 15, 2007, respectively, were also heard by her.

After review, by the Appeals Court, the Supreme Judicial Court granted leave to obtain further appellate review.

*David J. Gold*, Assistant District Attorney (*Craig A. Souza*, Assistant District Attorney, with him) for the Commonwealth.

*Antone B. Cruz, Jr.* (*Donna M. Sowa* with him) for the defendant.

*Deborah Bates Riordan & Theodore Riordan*, for Sharon Ulrich, amicus curiae, submitted a brief.

*Dennis Shedd*, for Gerardo Rosario, amicus curiae, submitted a brief.

IRELAND, J. On September 21, 1998, the defendant pleaded guilty in the District Court to multiple drug offenses stemming from charges set forth in two complaints. In 2005, the defend-

[1] As is our custom, we spell the defendant's name as it appears in the complaints.

ant moved to vacate his guilty pleas. Those motions, and motions for reconsideration, were denied by the same judge who had taken the pleas, and the defendant appealed. In an unpublished memorandum of decision and order pursuant to its rule 1:28, the Appeals Court reversed and vacated the judgments, concluding that the defendant's convictions were invalid because he did not sign a written waiver of his right to a jury trial in accordance with G. L. c. 263, § 6, and Mass. R. Crim. P. 19 (a), 378 Mass. 888 (1979). *Commonwealth* v. *Hubbard*, 74 Mass. App. Ct. 1120 (2009). We granted the Commonwealth's application for further appellate review. We conclude that a written jury trial waiver is not required to enter a valid guilty plea, and affirm the order denying the defendant's motions to vacate his guilty pleas, as well as the orders denying the defendant's motions for reconsideration.

It is undisputed that, when the defendant tendered his pleas, he did not sign a written jury trial waiver.[2] The defendant asserts that his convictions are invalid because it "is impossible to determine [whether] his plea was knowing and voluntary" in the absence of a written jury trial waiver. He also argues that the absence of a written jury trial waiver from him violates G. L. c. 263, § 6.[3]

"To be effective, a guilty plea must be knowingly and voluntarily tendered directly from the defendant." *Commonwealth* v. *Lopez*, 447 Mass. 625, 628 (2006), and cases cited. "A defendant must be informed on the record of the three constitutional rights that are waived by a guilty plea: the right to trial by jury[4]; the right to confront one's accusers; and the privilege against self-incrimination." *Id.*, citing *Boykin* v. *Alabama*, 395

---

[2]The defendant's trial counsel and the prosecutor signed three written forms entitled, "Tender of Plea or Admission of Waiver of Rights." The form included a section designated "Defendant's Waiver of Rights (G. L. c. 263, § 6) & Alien Rights Notice (G. L. c. 278, § 29D)," which sets forth that the "undersigned defendant" understands and acknowledges that he is "voluntarily giving up the right to be tried by a jury or a judge without a jury on [the] charges."

[3]The defendant does not otherwise challenge the plea colloquy or adequacy thereof.

[4]A judge shall inform a defendant that he or she gives up the right to a trial with or without a jury. See Mass. R. Crim. P. 12 (c) (3) (A), as appearing in 442 Mass. 1511 (2004) ("The judge shall inform the defendant on the record,

U.S. 238, 243 (1969), and *Commonwealth* v. *Robbins,* 431 Mass. 442, 449 (2000). "The record must affirmatively reflect that the defendant waived those rights voluntarily with 'sufficient awareness of the relevant circumstances . . . and with the advice of competent counsel,' *Commonwealth* v. *Fernandes,* [390 Mass. 714, 715 (1984)], and 'was advised of the elements of the offense or that he admitted facts constituting the unexplained elements,' *Commonwealth* v. *Robbins, supra.*" *Commonwealth* v. *Lopez, supra* at 629.

There is no requirement that, when accepting a defendant's tender of a guilty plea, a defendant's waiver of the right to a trial with or without a jury be in writing. As relevant here, pursuant to the Massachusetts Rules of Criminal Procedure, the judge, before accepting the tender of a guilty plea, is obligated to conduct a colloquy in court that informs a defendant about the consequences of entering a guilty plea, including a warning that by pleading guilty a defendant is waiving "the right to trial with or without a jury." See note 4, *supra.* No more is required, for no trial is to take place, and the absence of a written jury trial waiver, by itself, is inconsequential under the governing rule and does not render the defendant's pleas involuntary.

The absence of a written jury trial waiver does not violate G. L. c. 263, § 6, or rule 19 (a), and does not provide a basis to invalidate the defendant's pleas. General Laws c. 263, § 6, provides in relevant part:

> "A person indicted for a crime shall not be convicted thereof except by confessing his guilt in open court, by admitting the truth of the charge against him by his plea or demurrer or by the verdict of a jury accepted and recorded by the court or, in any criminal case other than a capital case, by the judgment of the court. Any defendant in a criminal case other than a capital case, whether begun by

in open court . . . that by a plea of guilty . . . [he] waives the right to trial with or without a jury . . ."). See also Mass. R. Crim. P. 12 (c) (3) (A), 378 Mass. 866 (1979) ("The judge shall inform the defendant . . . on the record, in open court . . . that by his plea of guilty . . . he waives his right to trial with or without a jury . . ."). The defendant, however, need not be informed of the differences between a trial before a jury and a trial before a judge. *Commonwealth* v. *Gonsalves,* 57 Mass. App. Ct. 925, 925-926 (2003). This is because, on acceptance of a guilty plea, there will be no trial.

indictment or upon complaint, may, if he shall so elect, when called upon to plead, or later and before a jury has been impanelled to try him upon such indictment or complaint, waive his right to trial by jury by signing a written waiver thereof and filing the same with the clerk of the court. If the court consents to the waiver, he shall be tried by the court instead of by a jury, but not, however, unless all the defendants, if there are two or more charged with related offenses, whether prosecuted under the same or different indictments or complaints shall have exercised such election before a jury has been impanelled to try any of the defendants; and in every such case the court shall have jurisdiction to hear and try such cause and render judgment and sentence thereon. . . ."

In construing the statute, we are guided by the familiar standards of statutory interpretation. "Where the language of a statute is plain, it must be interpreted in accordance with the usual and natural meaning of the words." *Gurley* v. *Commonwealth*, 363 Mass. 595, 598 (1973). Absent clear indication to the contrary, statutory language is to be given its "ordinary lexical meaning." *Surrey* v. *Lumbermens Mut. Cas. Co.*, 384 Mass. 171, 176 (1981).

The statute does not by its terms apply to the tender of guilty pleas. That observation aside, the second and third sentences of § 6 are instructive.[5] The second sentence of § 6 provides that any defendant, charged by indictment or by complaint, may waive "his right to trial by jury." G. L. c. 263, § 6. The sentence goes on to state that such a waiver is effectuated "by signing a written waiver thereof and filing the same with the clerk of the court." *Id.* The sentence also explains when the written jury trial waiver is expected, namely, "when called upon to plead, *or later* and before a jury has been impanelled to try [a defendant] upon such indictment or complaint" (emphasis added). *Id.* This stated timing of the written waiver is significant because, when a defendant tenders a guilty plea, there are no "later" proceedings before a jury is "impanelled," as the guilty plea obviates the need for any fact-finding proceeding (and requires only

---

[5]The first sentence of the statute has no application to this case, as it applies only to defendants who are charged with a crime by way of an indictment. See G. L. c. 263, § 6. Here, the defendant was charged in separate complaints.

sentencing). As such, application of the statute in the context of accepting a defendant's tender of a guilty plea makes little sense. Lest there be any doubts, the language of the third sentence of § 6, providing that, "[i]f the court consents to the waiver, [a defendant] shall be tried by the court instead of by a jury," makes clear that the written jury trial waiver referenced is required in circumstances when a defendant elects to forgo a jury trial and chooses instead to be tried by a judge. To adopt a contrary construction would give no meaning to the term "later" in the second sentence or to the language of the third sentence. See *Bolster* v. *Commissioner of Corps. & Taxation*, 319 Mass. 81, 84-85 (1946) ("None of the words of a statute is to be regarded as superfluous . . .").

Neither does the written jury trial waiver referenced in rule 19 (a) apply in circumstances where a defendant chooses to tender a guilty plea. The rule provides: "A case in which the defendant has the right to be tried by a jury shall be so tried unless the defendant waives a jury trial in writing with the approval of the court and files the waiver with the clerk, *in which instance he shall be tried by the court instead of by a jury*" (emphasis added). Mass. R. Crim. P. 19 (a). The rule, by its express terms, applies only in circumstances where a defendant chooses to be tried by a judge instead of a jury.

Contrary to the defendant's suggestion, our construction comports with justice. A defendant's written waiver of a jury trial under G. L. c. 263, § 6, "still leaves in place another form of fact finding" and implicates "more of a decision regarding trial strategy." *Ciummei* v. *Commonwealth*, 378 Mass. 504, 508 & n.7 (1979). The Legislature reasonably could have decided that a written jury trial waiver is paramount in circumstances where a trial is not forgone and a judge, instead of a jury, is to determine a defendant's guilt.[6]

Other decisions are inapposite. They involve situations where a defendant was convicted of a crime or crimes *after being tried by a judge* (and not after tendering a guilty plea) in the absence of a written jury trial waiver (or in circumstances where there

---

[6]Execution of a written jury trial waiver in the context of tendering a guilty plea, however, is not to replace the required plea colloquy. See *Commonwealth* v. *Jones*, 60 Mass. App. Ct. 88, 89-91 & n.3 (2003).

was a defective jury trial waiver). See *Commonwealth* v. *Osborne*, 445 Mass. 776, 776 (2006); *Commonwealth* v. *Pavao*, 423 Mass. 798, 804 (1996); *Ciummei* v. *Commonwealth, supra* at 505; *Commonwealth* v. *Castro*, 72 Mass. App. Ct. 901, 901 (2008); *Commonwealth* v. *Dussault*, 71 Mass. App. Ct. 542, 547-549 (2008); *Commonwealth* v. *Wheeler*, 42 Mass. App. Ct. 933, 933 (1997). Nor is *Commonwealth* v. *Hoyle*, 67 Mass. App. Ct. 10, 11 (2006), helpful, as it involves procedures implicated by the then-existing, and now abolished, two-tier District Court system. See *Robinson* v. *Commonwealth*, 445 Mass. 280, 283-284 n.2 (2005) (two-tier trial system abolished by statute in 1992).

We affirm the order denying the defendant's motions to vacate his guilty pleas, as well as the orders denying the defendant's motions for reconsideration.

*So ordered.*