COMMONWEALTH *vs.* JOYCE JOHNSON. No. 10-P-957. May 17, 2011. *Constitutional Law*, Trial by jury, Waiver of constitutional rights. *Practice, Criminal*, Trial by jury, Waiver of trial by jury.

The defendant, Joyce Johnson, was convicted on one count of distribution of a class B substance, second or subsequent offense, in violation of G. L. c. 94C, § 32A(*b*). On appeal, the defendant contends that her conviction as a subsequent offender was invalid because she did not sign a written waiver of her right to a trial by jury.[1] We agree and reverse the defendant's conviction on the subsequent offense portion of the indictment.

---

[1]The defendant also argues that her trial counsel was ineffective for failing to sever

On September 5, 2008, an Essex county grand jury returned an indictment charging the defendant with distribution of cocaine, second or subsequent offense, in violation of G. L. c. 94C, § 32A(*b*). A separate indictment charging the same was issued on September 24, 2008. The two offenses were joined, and the defendant's trial began on November 30, 2009. On December 3, 2009, following a three-day jury trial, the defendant was found guilty on one count and was acquitted on the other.

Immediately following the jury's verdict, a bench trial was conducted on the second and subsequent offense portion of the indictment. Before beginning, the judge engaged the defendant in an extensive jury waiver colloquy, during which the defendant explained that she could not read or write. The defendant did acknowledge, however, that she had the opportunity to discuss her decision with counsel, understood the consequences of waiving a jury, and was doing so voluntarily. Satisfied with the defendant's oral waiver, the judge proceeded with the bench trial. No written waiver was ever filed with the court. At the close of the evidence, the judge determined that the Commonwealth had proved the defendant's prior conviction beyond a reasonable doubt, and sentenced the defendant to a prison term of five to six years.

*Discussion.* The defendant contends that her conviction as a second or subsequent offender was invalid because she never signed a written waiver of her right to a jury trial. Indeed, our case law has established a "bright-line" rule under which a defendant's jury waiver is only effective when a signed written waiver is filed with the court. *Commonwealth* v. *Osborne*, 445 Mass. 776, 781 (2006). The Commonwealth does not dispute the existence of such a rule. Rather, it suggests that the rule should not be enforced in this case, since the execution of a written waiver would have been an "empty gesture" given the defendant's inability to read or write. We do not agree.

The defendant's illiteracy does not, by any means, render the exercise of signing a written waiver meaningless. As the Supreme Judicial Court observed in *Osborne*, "the requirement of a signed, written jury waiver is an important protection provided by the Legislature for the benefit of a criminal defendant." *Id.* at 780.[2] The written waiver is particularly meaningful because it "create[s] a moment of pause and reflection on the part of a defendant that is concomitant with signing one's name to a formal declaration relinquishing that right." *Ibid.* "The solemnity of the written waiver and the formality of

the two drug charges against her. In this case, a motion to sever the charges would certainly have been denied, since the two charges against the defendant clearly were "based on the same criminal conduct . . . ." *Commonwealth* v. *Pillai*, 445 Mass. 175, 180 (2005), quoting from Mass.R.Crim.P. 9(a)(1), 378 Mass. 859 (1979). Accordingly, defense counsel was not ineffective for failing to file such a motion. See *Commonwealth* v. *Conceicao*, 388 Mass. 255, 264 (1983) ("It is not ineffective assistance of counsel when trial counsel declines to file a motion with a minimal chance of success").

[2]General Laws c. 263, § 6, as amended through St. 1992, c. 379, § 181, permits a defendant to "waive his right to trial by jury by signing a written waiver thereof and filing it with the clerk of the court." In Massachusetts, it is well established that "[s]igning does not necessarily mean a written signature . . . ." *Finnegan* v. *Lucy*, 157 Mass. 439, 443 (1892). See *Irving* v. *Goodimate Co.*, 320 Mass. 454, 459 (1946). Unless a particular statute provides otherwise, which G. L. c. 263, § 6, does not, a signing may be done "by mark, by print, by stamp, or by the hand of another." *Finnegan, supra.*

the colloquy also further the purposes of 'assur[ing] that the ultimate decision regarding waiver of the jury be left to the defendant himself, not his counsel,' *Commonwealth* v. *Pavao*, 423 Mass. 798, 803 (1996), and ensuring an evidentiary record that will foreclose most posttrial disputes about whether the waiver was knowingly and voluntarily made." *Commonwealth* v. *Osborne, supra* at 781. Without having signed a written waiver, the defendant was not afforded these procedural safeguards. Accordingly, any waiver obtained was ineffective, and the defendant's conviction was invalid. See *ibid.*

For the foregoing reasons, the judgment on the defendant's underlying conviction of distribution of a class B substance is affirmed. The portion of the judgment that found the defendant guilty of a subsequent offense, pursuant to G. L. c. 94C, § 32A(*b*), is reversed, the finding is set aside, and the case is remanded for resentencing.

*So ordered.*

*Randi J. Potash* for the defendant.

*Kenneth E. Steinfield,* Assistant District Attorney, for the Commonwealth.