After a jury-waived trial, the defendant was found guilty of unlawful possession of a firearm without a firearm identification card, and unlawful possession of ammunition. On appeal, he claims that the motion judge abused his discretion by denying the motion to disclose the informant's identity, that the trial judge abused her discretion by denying the motion to sever, and that there was insufficient evidence to support his convictions. We affirm.
1. Confidential informant. Prior to trial, the defendant filed a motion for the disclosure of the identity of the confidential informant, who the defendant claimed would testify that the firearm the defendant was alleged to possess belonged to the defendant's brother, Angel Calo. After a hearing, the motion judge denied the motion because the informant was neither a participant in, nor a percipient witness to, the crime.
The informant privilege, long recognized in our Commonwealth, "serves a substantial, worthwhile purpose in assisting the police in obtaining evidence of criminal activity." Commonwealth v. Madigan, 449 Mass. 702, 706 (2007), quoting from Commonwealth v. Douzanis, 384 Mass. 434, 441 (1981). In order to obtain the identity of a confidential informant, the burden is on a defendant to demonstrate that an exception to the privilege ought apply, that is, that the disclosure would provide "material evidence needed by the defendant for a fair presentation of his case to the [fact finder]." Commonwealth v. Lugo, 406 Mass. 565, 574 (1990). The defendant failed to make such a showing.
Here, the defendant alleged that the informant could testify that Calo had previously possessed a nine-millimeter handgun and a shotgun in the apartment. But such testimony would not have affected the guilty findings because the defendant was not convicted of possessing either of those weapons, but rather a .45 caliber handgun (and ammunition), and because his possession need not be exclusive and may be joint. See Commonwealth v. Beverly, 389 Mass. 866, 870 (1983). Even without the informant's testimony, the defendant was able to lay the blame at Calo's feet through cross-examination of a police witness, which revealed that Calo (and not the defendant) was the target of the search warrant and investigation, and that Calo lived at the apartment. In addition, a defense witness testified that she had never seen the defendant with a firearm. The denial of the motion to disclose the identity of the informant was not an abuse of discretion.
2. Severance. The defendant also claims that the trial judge abused her discretion by denying his motion to sever his trial from that of his codefendant, Maria Candalaria. We disagree.
"The decision whether to sever generally resides within a judge's discretion, and a defendant bears a heavy burden in attempting to have such a discretionary determination reversed on appeal." Commonwealth v. Martinez, 37 Mass. App. Ct. 948, 950 (1994). A judge will abuse her discretion only by allowing joinder where "prejudice resulting from a joint trial is so compelling that it prevents a defendant from obtaining a fair trial." Commonwealth v. Moran, 387 Mass. 644, 658 (1982).
Here, the defendant claimed that a joint trial would be fundamentally unfair primarily because of "a danger that the [fact finder] will feel compelled to choose between defendants rather than to assess the proof against each defendant separately." Id. at 659. However, that problem was absent in this case where the evidence implicated the two defendants differently, and did not leave them in a position of implicating one another. The evidence linked the defendant to the .45 caliber handgun and Candalaria to the shotgun, but the defendant and Candalaria were not convincingly linked to the same items.
Finally, unlike in Moran, supra, this trial was jury-waived. The risk of prejudice is not the same before a judge as before a jury because a judge generally is presumed to be able to sort out the evidence according to the law. See Commonwealth v. Collado, 426 Mass. 675, 678-679 (1998). In this case, the experienced trial judge, as fact finder, was more than capable of preventing any unfair prejudice from affecting her findings.
3. Sufficiency of the evidence. Finally, the defendant claims there was insufficient evidence that he possessed the firearm and ammunition. We disagree.
Here, the Commonwealth's case against the defendant was presented on the theory of constructive possession. To prove constructive possession of the firearm and ammunition, the Commonwealth was required to establish the defendant's "knowledge coupled with the ability and intention to exercise dominion and control." Commonwealth v. Sespedes, 442 Mass. 95, 99 (2004), quoting from Commonwealth v. Brzezinski, 405 Mass. 401, 409 (1989). A defendant's "knowledge or intent is a matter of fact, which is often not susceptible of proof by direct evidence, so resort is frequently made to proof by inference from all the facts and circumstances developed at the trial." Commonwealth v. Casale, 381 Mass. 167, 173 (1980).
In this case, the defendant admitted to the police that he lived in the apartment, and he was linked to the rear bedroom, where the police found him playing video games with another person. There was only one bed in the bedroom and only male clothing was found in the closet, where the firearm was found, six feet from the defendant. See Commonwealth v. Clarke, 44 Mass. App. Ct. 502, 504-505 (1998) ; Commonwealth v. Farnsworth, 76 Mass. App. Ct. 87, 99-100 (2010). Moreover, the evidence did not suggest the defendant had any tie to the front bedroom, where female clothing and shoes as well as perfume were found.[2] There were also pill bottles found in the front bedroom with Candalaria's name on them. When all the evidence is viewed in the light most favorable to the Commonwealth, with permissible inferences, it was sufficient to find the defendant constructively possessed the handgun and ammunition.
Judgments affirmed.

When Candalaria was arrested, it was the front bedroom from which she retrieved her clothing.