On appeal from her convictions of negligent operation of a motor vehicle and operating under the influence of intoxicating liquor in violation of G. L. c. 90, § 24, the defendant, Karen Cronin, claims error in the trial judge's acceptance of her waiver of a jury trial because (1) the defendant's written waiver was defective; (2) the judge's colloquy was insufficient; and (3) defense counsel failed to provide the certification required by G. L. c. 218, § 26A. We affirm.
Background. On May 2, 2016, the defendant filed a motion on a form titled "Motion Pursuant to Rule 19(a) for Relief from Election of Jury or Jury-Waived Trial" marked both to request relief from a prior "election of trial ... by judge," and to "move for trial ... by judge." The form was signed by the defendant, her attorney, and the judge. The same day, the judge conducted a colloquy with the defendant concerning her waiver of her right to a jury trial.[2] No separate written waiver of the right to a jury trial was filed. Defense counsel did not file a certification with the court verifying that the attorney had informed the defendant of the consequences of waiving the right to a jury trial.
Discussion. 1. Written waiver. Before a judge can accept a defendant's waiver of the right to trial by jury, the defendant must first sign and file a written waiver. See G. L. c. 218, § 26A ; G. L. c. 263, § 6 ; Mass. R. Crim. P. 19 (a), 378 Mass. 888 (1979); Dist./Mun. Cts. R. Crim. P. 4 (e). Our case law makes the requirement of a signed written waiver of the right to a jury trial a "bright line rule." Commonwealth v. Osborne, 445 Mass. 776, 781 (2006).
The statutory requirement of a defendant's written waiver of the right to a jury trial does not, however, prescribe a particular form of writing. See G. L. c. 263, § 6 (defendant may "waive his right to trial by jury by signing a written waiver thereof and filing the same with the clerk of the court"). Consequently, the use of a motion form to effect a waiver of the right to a jury trial does not render such waiver per se invalid. Compare Osborne, supra at 778 (reversing judgment, finding "[t]here [was] no evidence that the defendant ever saw, read, or signed a written waiver of his right to a jury trial"). Here, the motion was signed by the defendant, thus satisfying Osborne's requirement of a signed written waiver, which evidences a period of calm reflection and deliberative decision-making by the defendant. While we do not endorse the use of the motion here rather than the signed jury waiver, the motion sufficed for this purpose.[3]
Additionally, although the defendant's motion form was filled out in a manner susceptible of two contradictory interpretations -- that she sought relief from a prior election of a jury-waived trial, and that she sought a jury-waived trial -- the judge cured any ambiguity by asking the defendant during the colloquy whether, by "signing this form," she intended to waive her right to a jury trial. Both the written waiver and the defendant's responses during colloquy informed the judge's assessment of the voluntariness and intelligence of the defendant's waiver of her right to a jury trial. See Commonwealth v. Hernandez, 42 Mass. App. Ct. 780, 785 (1997).
2. Colloquy. Before accepting a defendant's waiver of her right to trial by jury, a judge must conduct a colloquy to determine that the waiver is made knowingly and voluntarily. Ciummei v. Commonwealth, 378 Mass. 504, 509-510 (1979). However, "[t]he colloquy ... is only evidence of whether a defendant's waiver of the right to trial by jury was voluntary and intelligent. It is not an independent constitutionally required prerequisite to a valid waiver of the right to a jury trial." Commonwealth v. Schofield, 391 Mass. 772, 775 (1984). Consequently, "omissions [of particular inquiries suggested in Ciummei ] alone are not enough to make the colloquy inadequate. Whether a colloquy conducted by a trial judge before accepting a defendant's waiver of his right to trial by jury is adequate depends upon the specific facts of each case." Commonwealth v. Abreu, 391 Mass. 777, 779 (1984).
The defendant contends that the judge erred while explaining the requirement of unanimity when he said that jurors "basically have to unanimously come to a verdict." The defendant suggests the word "basically" may be understood to modify "unanimously," and therefore misstates the standard for a jury verdict by suggesting a verdict could be reached without the agreement of all jurors.
The omission from a colloquy of a description of the requirement of jury unanimity does not invalidate a jury waiver. See Commonwealth v. Hendricks, 452 Mass. 97, 107-108 (2008). However, where a judge incorrectly explains the differences between jury and bench trials, a jury waiver may be held to be invalid. See Commonwealth v. Towers, 35 Mass. App. Ct. 557, 559 (1993). Here, the judge's use of the term "basically" does not appear to modify the term "unanimously" in any way that could confuse a defendant about the requirement of unanimity in a jury verdict. There are no degrees of unanimity to which "basically" could relate.
The defendant further maintains that the judge should have asked whether she drank alcohol on the day of the trial because she had been charged with a crime involving alcohol. She further asserts that the judge should have reconsidered his acceptance of the defendant's waiver once testimony revealed that the defendant had bipolar disorder and took medication.
In a jury waiver colloquy, "[t]he judge should make sure that the defendant ... is not intoxicated or otherwise rendered incapable of rational judgment" to ensure that the waiver is made intelligently and voluntarily. Ciummei, 378 Mass. at 510. See Towers, 35 Mass. App. Ct. at 559. However, a judge may also evaluate whether a defendant is intoxicated or otherwise incompetent by observing the defendant's behavior during the colloquy. See Commonwealth v. Hardy, 427 Mass. 379, 383 (1998) ; Commonwealth v. Onouha, 46 Mass. App. Ct. 904, 905 (1998). Here, the record indicates that the defendant responded appropriately to questions posed by the judge during the colloquy, and the judge was able to observe her demeanor. There was no error.
There is likewise no support in the record for the suggestion that the judge should have reconsidered the voluntariness of the defendant's waiver after the testimony revealed she had bipolar disorder and took medication. During the trial, when the defendant did not understand a question, she said so and sought clarification. Furthermore, the judge was able to observe the defendant's demeanor, and to determine whether the defendant was impaired or incompetent earlier in the day during the jury waiver colloquy.
3. Defense counsel certification. Finally, the defendant contends that her convictions must be reversed because counsel did not file the defense certification contemplated by G. L. c. 218, § 26A ("defense counsel shall execute a certificate signed by said counsel indicating that he has made all the necessary explanations and determinations regarding such waiver"). Notably, § 26A applies only to trials in the Boston Municipal Court and the District Court; it is not a requirement applicable to all trials.
The counsel certificate is materially different from the written waiver of the right to a jury trial. The purpose of the written jury waiver by the defendant is to "assure[ ] that the ultimate decision regarding waiver of the jury be left to the defendant himself, not his counsel." Osborne, 445 Mass. at 781, quoting Commonwealth v. Pavao, 423 Mass. 798, 803 (1996). The counsel certificate is not signed by the defendant and does not reflect the defendant's decision-making. Rather, it is directed to "ensuring an evidentiary record that will foreclose most posttrial disputes about whether the waiver was knowingly and voluntarily made." Osborne, supra. To date, the case law has considered the certificate as some evidence that the defendant understood the rights he or she was giving up; we have looked to the certificate in conjunction with the colloquy to determine whether the waiver was made voluntarily and intelligently. See Hernandez, 42 Mass. App. Ct. at 785.[4] Here, we are satisfied that the motion, signed by the defendant, as well as the defendant's representation to the judge that she had conferred with counsel and was satisfied with counsel's representation, together with the balance of the colloquy, were sufficient to establish that the defendant had adequate advice before she waived her right to a jury trial.
Judgments affirmed.

The colloquy was as follows:
The Court : "Ma'am, I see you've signed this form. Is that correct?"
The Defendant : "Yes."
The Court : "Before you did, you spoke with your attorney?"
The Defendant : "Yes, sir."
The Court : "You're satisfied with the representation?"
The Defendant : "Yes, sir."
The Court : "You understand by signing this form, you're waiving your right to a jury trial? We actually have jurors here today who basically have to unanimously come to a verdict. By waiving the jury, I will hear the case. The Commonwealth is still bound by the rules of evidence. Do you understand that?"
The Defendant : "Yes, sir."
The Court : "You're doing this knowingly, voluntarily and freely?"
The Defendant : "Absolutely."
The Court : "Nobody's forced you, is that correct?"
The Defendant : "I'm sorry?"
The Court : "No one's forced you to do this?"
The Defendant : "No."
The Court : "All right. I accept it. Thank you so much."
The Defendant : "You're welcome. Thank you."
The Court : "All right. That's allowed."

We are ever mindful of the busy docket of the Boston Municipal Court and the District Court. However, G. L. c. 263, § 6, requires a written jury waiver. The form removes the type of ambiguity that otherwise presents itself in this appeal, and contains the attorney certification also absent in this case. See E.B. Cypher, Criminal Practice and Procedure § 31:18 (4th ed. 2014).

In addition, the directive in G. L. c. 218, § 26A, to make "all the necessary explanations and determinations" is necessarily a highly case-specific exercise which does not lend itself easily to a bright line test. Moreover, the substance of the communication is privileged. In contrast, the jury waiver form closely follows the language of the statute.