# RESCRIPT OPINIONS.

COMMONWEALTH *vs*. WILLIAM F. FOLEY, JR. August 29, 2005. *Constitutional Law,* Confrontation of witnesses. *Witness,* Unavailability. *Evidence,* Unavailable witness, Testimonial statement, Voluntariness of statement. *Practice Criminal,* Confrontation of witnesses.

The defendant was charged with three offenses in a complaint in the Wareham Division of the District Court: (1) assault and battery by means of a dangerous weapon (a shoe); (2) assault and battery by means of a dangerous weapon (a stereo); and (3) assault and battery. The jury convicted him on count three as stated and on counts one and two, of the lesser included offenses of simple assault and battery and simple assault. The defendant appealed and we granted the Commonwealth's application for direct appellate review. All of the convictions arose out of the following incident.

The police received an emergency call that indicated a twelve year old boy had run to a neighbor to report a "husband . . . beating up his wife." Arriving on the scene, the first officer announced his presence and observed the home in disarray. Proceeding up the stairs, still announcing his presence, the officer encountered the adult victim and four children, crouched on a bed. The victim was crying and the children looked horrified. The officer asked, "Where is he?" and one of the children pointed to the other bedroom. The officer found the defendant, put him in handcuffs, walked him outside and turned him over to the custody of another officer. The officer then returned upstairs to assess the situation, including determining if anyone were seriously injured or needed medical attention.

The officer spoke with the adult victim, who had red marks on her neck, scratches and red marks on her chest, and a torn shirt. She was shaking and crying. She assured the officer she did not need an ambulance and she did not want emergency medical attention. The officer remained in her presence, trying to direct her attention to ascertain "what happened and how [she got] the red marks." After approximately thirty to forty-five minutes, she was able to tell him about the events of the evening. The victim identified the defendant as her assailant, giving extensive details about the attack and the factors that triggered it. At trial, the adult victim invoked her marital privilege and therefore was unavailable to testify. The officer was allowed to testify to her statements at the scene under the spontaneous utterances exception to the hearsay rule.

The defendant claims the admission of the victims' statements through the officer's testimony violated his rights under the confrontation clause of the Sixth Amendment to the United States Constitution, as articulated in *Crawford* v. *Washington,* 541 U.S. 36 (2004). Because the confrontation clause objection

was not preserved at trial, the parties agree that our review is limited to whether any error created a substantial risk of a miscarriage of justice. *Commonwealth* v. *Whelton*, 428 Mass. 24, 25-26 (1998) (objection during motion in limine insufficient to preserve appellate rights).

*Commonwealth* v. *Gonsalves*, *ante* 1, 9, 13 (2005), sets out the method to determine whether an out-of-court statement offered without benefit of confrontation is testimonial in nature and therefore subject to Sixth Amendment proscriptions. On these facts, we must first determine whether the statements were made in response to police interrogation, as that would make them per se testimonial. Any statements that are not per se testimonial must further be evaluated, to determine whether a reasonable person in the declarant's position would anticipate her statement being used against the accused in investigating and prosecuting the crime. *Ante* at 13.

Questioning by law enforcement agents meant to secure a volatile scene or determine the need for and provide medical care is not interrogation. *Ante* at 9. The officer's initial question, "Where is he?," asked while searching for the perpetrator, was not police interrogation. Neither were his initial questions on returning to the adult victim, asking about her need for medical care. The purpose behind the questioning was law enforcement's community caretaking function, not prosecution of a crime. Nothing in the record indicates that the declarants' intent in making their statements was testimonial. Further, a reasonable person in each declarant's position would not have anticipated that either the child's or the adult victim's statement would be used against the accused in investigating and prosecuting the crime. We therefore easily can determine that the statements made in response to these questions were not on balance testimonial and their admission was not error.

In contrast, statements made in response to police questioning after the scene was secure and the victim had assured the officer she did not want emergency medical attention were made in response to investigatory interrogation. As such, they were testimonial per se. The statements covered in detail the events of the evening, including the identity of the perpetrator and the elements of the crime. Their admission at trial in the absence of the opportunity to cross-examine the declarant violated the confrontation clause. *Ante* at 9.

The defendant makes one other allegation of error. While in handcuffs in the rear of a police cruiser, the defendant was loud, screaming, and motioning aggressively. During this time, the officer with him commented, "You seem pissed off" and "Are you having a rough day, man?" In response, the defendant yelled, "I choked her out, but she deserved it" and "I should beat her f'ing brains in." The defendant claims that the admission of his statements constituted reversible error because the judge's finding of voluntariness did not appear on the record with "unmistakable clarity" and because the statements were made in response to the functional equivalent of interrogation without benefit of Miranda warnings.

After careful review, we determine that the evidence regarding the statements was not conflicting nor did it raise any question of custodial coercion. In such a situation, the judge's decision to admit the defendant's statements was sufficient to make his conclusions as to voluntariness "clearly evident from the record." *Commonwealth* v. *Brady*, 380 Mass. 44, 52 (1980), quoting *Jackson* v. *Denno*, 378 U.S. 368, 378-379 (1964). Likewise, we conclude that

the rhetorical question the officer asked was not the functional equivalent of interrogation nor likely to elicit an incriminating response. Therefore Miranda warnings were not required. *Commonwealth* v. *Groome*, 435 Mass. 201, 213 n.15 (2001), and cases cited. Admission of the defendant's statements to the officer was not reversible error.

The inadmissible testimonial statements made by the victims did create a substantial risk of a miscarriage of justice as to counts one and two. Without those statements, nothing in the record supports allegations of assault by means of a shoe or stereo. In contrast, no such substantial risk exists regarding count three. The defendant's statements confessing his behavior, as well as other evidence presented at trial, constitute strong evidence of guilt and far outweigh any impact of the statements attributable to his victims.

The convictions on counts one and two are reversed and those matters are remanded to the District Court for a new trial. The conviction on count three is affirmed.

*So ordered.*

*Geoffrey DuBosque* (*Andrew Nebenzahl* with him) for the defendant.
*Robert C. Thompson*, Assistant District Attorney, for the Commonwealth.