In this consolidated appeal, the defendant, Nakiba Browne, appeals from his convictions of manufacturing heroin, subsequent offense, in violation of G. L. c. 94C, § 32(b ), and manufacturing cocaine, subsequent offense, in violation of G. L. c. 94C, § 32A(d ) ; and from the denial of his motion for new trial. We affirm.
Background. On August 13, 2014, the police saw the defendant enter an apartment building in Pittsfield. The next day, the police saw numerous individuals go into and out of the building, staying only a few minutes at time. On or about September 15, 2014, the police again saw the defendant near the same building.
On September 19, 2014, at roughly 5:35 A.M. , the police executed a search warrant. After the police knocked on the door of the apartment and announced their presence, the defendant opened the door holding a cellular telephone. The defendant was the only person in the apartment at the time. While searching the apartment, the police found wax baggies, a notebook with a powder residue on it, a zip lock baggie containing a powder residue, small rubber bands, a razor blade, rolls of scotch tape, a scale and plate containing powder residue, and $3,946 in cash. The powder on the plate and scale tested positive for heroin and cocaine, respectively, while the residues in the baggie and on the notebook tested negative for controlled substances. One officer testified that during booking the defendant said he lived at the apartment.
1. Motion for new trial. The defendant claims that trial counsel was ineffective because he failed to (a) adequately investigate the Commonwealth's scientific evidence; (b) present evidence that the defendant did not live at the apartment where the drug residues were found; and (c) notify the judge that the defendant saw a juror sleeping.
To establish ineffective assistance of counsel, the defendant bears the burden of showing "that there has been a 'serious incompetency, inefficiency, or inattention of counsel-behavior of counsel falling measurably below that which might be expected from an ordinary fallible lawyer,' and that counsel's poor performance 'likely deprived the defendant of an otherwise available, substantial ground of defence.' " Commonwealth v. Millien, 474 Mass. 417, 429-430 (2016), quoting from Commonwealth v. Saferian, 366 Mass. 89, 96 (1974). In reviewing the judge's denial of the defendant's motion for new trial, we look to see whether the judge committed "a significant error of law or other abuse of discretion." Commonwealth v. Duart, 477 Mass. 630, 634 (2017), quoting from Commonwealth v. Forte, 469 Mass. 469, 488 (2014). We show particular "deference to the action of a motion judge who[, as here,] was also the trial judge." Commonwealth v. Grace, 397 Mass. 303, 307 (1986).
a. Drug file. The defendant maintains that trial counsel failed to conduct a thorough investigation of the Commonwealth's scientific evidence, because he did not request a copy of the drug analysis file or chain of custody documentation, nor did he hire a forensic expert to review the lab results. Had he done so, the defendant claims, he might have seen that both the plate and scale initially tested negative for controlled substances, and that only after "the chemist ... altered the instrumental method" were trace levels of controlled substances identified. This information, the defendant contends, could and should have been employed to more substantially undermine the test's reliability when cross-examining the Commonwealth's chemist.
Passing the question whether the failure to obtain this file fell below that which would be expected of an ordinary fallible lawyer, the defendant has failed to demonstrate prejudice. Where a defendant is claiming that "counsel was ineffective for failing to present an available ground of defense, that defense is 'substantial' for Saferian purposes where we have a serious doubt whether the jury verdict would have been the same had the defense been presented." Millien, 474 Mass. at 432.
The defendant has made no showing that any alteration of the method used to test the powder residues was improper, or that there was any defect in the chain of custody. Further, as the judge noted, the defendant's forensic chemistry consultant reached no definitive conclusions as to whether these issues, if explored more fully by defense counsel, would have affected the test results. Thus, the defendant has not shown that any failure by counsel "likely deprived [him] of an otherwise available, substantial ground of defence." Id. at 430, quoting from Saferian, 366 Mass. at 96.[2]
b. Failure to call witness. The defendant also claims that trial counsel's decision not to call the defendant's girl friend as a witness to testify that the two lived together in Boston undercut his defense to the Commonwealth's theory of constructive possession.
Trial counsel averred that he spoke with the defendant's girl friend "personally," but did not call her as a witness. "The decision to call a witness is a tactical one." Commonwealth v. Morales, 453 Mass. 40, 48 (2009). "An attorney's tactical decision amounts to ineffective assistance of counsel only if it was manifestly unreasonable when made." Commonwealth v. Hudson, 446 Mass. 709, 716 (2006), quoting from Commonwealth v. Martin, 427 Mass. 816, 822 (1998). Trial counsel stated in his opening and argued in his closing that the defendant was not connected to the apartment. He cross-examined the Pittsfield police detective about the lack of evidence connecting the defendant to the apartment. The defendant's license listed a Boston address, but the address was not the girl friend's address. We cannot say that counsel's decision not to call the defendant's girl friend to testify was "manifestly unreasonable" when made. Morales, supra at 48-49.
c. Sleeping juror. At trial, both the prosecutor and defense counsel brought to the court's attention the fact that Juror 29 had been sleeping; by agreement of the parties Juror 29 was made an alternate. In an affidavit submitted with his motion for new trial, the defendant claimed for the first time that he saw Juror 37 sleeping during trial as well, and informed counsel. Trial counsel filed an affidavit which stated that the defendant told him that Juror 29 was sleeping, but counsel's affidavit was silent as to Juror 37. The judge did not abuse his discretion in declining to credit the defendant's affidavit. See Commonwealth v. McWilliams, 473 Mass. 606, 621 (2016).
2. Direct appeal. a. Substitute chemist. The defendant claims that his confrontation rights under the Sixth Amendment to the United States Constitution were violated when the Commonwealth's expert testified to the results of a test conducted by another chemist. For the first time on appeal, he further contends that trial counsel's failure to object to this testimony constituted ineffective assistance of counsel. In reviewing these claims, we examine whether any error gave rise to a substantial risk of a miscarriage of justice. See Commonwealth v. Randolph, 438 Mass. 290, 296 (2002) ("[W]hen a defendant alleges that his failure to preserve an issue for appeal stems from ineffective assistance of counsel ..., we do not evaluate the ineffectiveness claim separately[, but i]f we determine that an error has been committed, we ask whether it gives rise to a substantial risk of a miscarriage of justice"); Commonwealth v. Foley, 445 Mass. 1001, 1001-1002 (2005).
To the extent that the Commonwealth's expert testified directly to the data, including test results, and the drugs' weight, or lack thereof, this testimony was error.[3] See Commonwealth v. Grady, 474 Mass. 715, 716 (2016), citing Commonwealth v. Greineder, 464 Mass. 580, 586-587, cert. denied, 134 S. Ct. 166 (2013) ("A substitute analyst may testify to his or her own opinion, but not, on direct examination, to the original analyst's test results"). However, the expert disclosed that she did not test the items herself. The fact that there was no weighable amount of drugs was a fact favorable to the defense, a fact that defense counsel drove home in his cross-examination and closing argument. Counsel used the residue evidence to argue that the results were the product of sample contamination and machine error. For these reasons, the expert's testimony does not give us "serious doubt whether the result of the trial might have been different had the error not been made." Commonwealth v. Azar, 435 Mass. 675, 687 (2002).
b. Cumulative error. The defendant contends that "cumulative errors fatally infected the judgment of conviction." We have largely found no merit to the defendant's claims, but where we have found two possibilities of error, we are confident that taken together, they did not result in a substantial risk of a miscarriage of justice. Contrast Commonwealth v. Cancel, 394 Mass. 567, 576 (1985).
c. Jury waiver. Lastly, the defendant maintains that because he did not sign a jury waiver form when pleading guilty to the subsequent offense portions of both indictments, his guilty pleas should be rendered invalid. In Commonwealth v. Hubbard, 457 Mass. 24, 25 (2010), the Supreme Judicial Court plainly stated that "a written jury trial waiver is not required to enter a valid guilty plea." Moreover, the defendant acknowledges that the judge properly conducted a plea colloquy.[4] The guilty pleas were validly made.
Judgments affirmed.
Order denying motion for new trial affirmed.

The judge did not err in denying the request for an evidentiary hearing, because the defendant did not raise a "substantial issue" warranting such a hearing. Commonwealth v. Vaughn, 471 Mass. 398, 404 (2015).

The prosecutor asked the expert, "[D]o you recall the quantity as far as what was on the scale?" She responded, "It was considered a residue, no weighable amount." The prosecutor also asked the expert, "What was the data for item two?" to which the expert responded, "Item two was cocaine."

During the colloquy the judge expressly stated, "[Y]ou have the right to a fair and impartial trial before either a [j]udge or a jury to determine ... whether you are a subsequent offender. By pleading guilty to that, you are giving up those rights." The judge then asked if the defendant understood this, to which the defendant responded that he did.