## Commonwealth *vs.* Zachary P. Dery.

Suffolk. October 6, 2008. - December 23, 2008.

Present: Marshall, C.J., Greaney, Ireland, Spina, Cowin, Cordy, & Botsford, JJ.[1]

*Supreme Judicial Court,* Superintendence of inferior courts. *Constitutional Law,* Jury, Waiver of constitutional rights. *Practice, Criminal,* Jury and jurors. *Jury and Jurors. Rules of Criminal Procedure.*

The trial of a criminal complaint before five jurors was not a nullity as a matter of constitutional law [824], and the defendant's failure to execute a written waiver of his right to be tried by fewer than six jurors was not fatal to the validity of the trial, as the Commonwealth forfeited any such claim when it failed to object to proceeding on the basis of the defendant's oral waiver, taken after a full colloquy under oath [824-825].

Civil action commenced in the Supreme Judicial Court for the county of Suffolk on December 6, 2007.

The case was reported by *Cowin,* J.

*Judith Ellen Pietras,* Assistant District Attorney, for the Commonwealth.

*David G. Mintz (Susan Moran* with him) for the defendant.

*Carlo A. Obligato,* Committee for Public Counsel Services, & *William C. Newman,* for Committee for Public Counsel Services & another, amici curiae, submitted a brief.

Cordy, J. On September 13, 2007, Zachary P. Dery appeared for trial on charges of operating while under the influence of alcohol and other traffic violations. The trial judge began the process of empanelling a jury; however, due to the exercise of peremptory challenges and the disqualification of potential jurors for cause, the jury venire was reduced to only five people. The judge informed Dery that the trial could proceed with five jurors

---

[1] Justice Greaney participated in the deliberation on this case prior to his retirement.

if he consented. After conferring with his attorney, Dery informed the judge that he was willing to consent to be tried by five jurors.[2]

The judge then conducted a full colloquy with Dery, after which he found that Dery had freely and willingly consented to trial by five jurors. Dery was not asked to execute a written waiver of his right to a six-person jury, and consequently did not do so. The Commonwealth did not object to proceeding with a five-person jury, or to proceeding without a written waiver. The jury were sworn and the trial proceeded to verdict. Dery was found not guilty.

Several days after the verdict, the Commonwealth moved to return the case to the trial list on the grounds that as a constitutional matter, "a jury of five is not a legitimate fact finder." Alternatively, the Commonwealth contended that even if such a trial was constitutionally permissible with Dery's consent, Dery's failure to execute a written waiver of his right to be tried by a full jury, as required by Mass. R. Crim. P. 19 (b), 378 Mass. 888 (1979),[3] was fatal to its validity. The judge denied the motion, and the Commonwealth petitioned a single justice of this court for relief pursuant to G. L. c. 211, § 3. The single justice reserved and reported the case without decision to the full court. We deny the Commonwealth's petition for relief.[4]

With respect to the Commonwealth's principal claim, that the trial of the case before five jurors was a nullity as a matter of constitutional law, we refer to our decision in *Commonwealth v. Nicoll, ante* 816, 820-821 (2008), decided this date, to the contrary.

With respect to the Commonwealth's posttrial contention that

[2]Dery represents that in agreeing to a reduced jury, he considered his satisfaction with the five jurors empanelled in the case; the state of the Commonwealth's case (only one of three listed police witnesses appeared in court ready to testify); his desire to have the case resolved; and the burden of traveling to court (and missing work) on another day.

[3]Rule 19 (b) of the Massachusetts Rules of Criminal Procedure, 378 Mass. 888 (1979), provides: "If after jeopardy attaches there is at any time during the progress of a trial less than a full jury remaining, a defendant may waive his right to be tried by a full jury and request trial by the remaining jurors by signing a written waiver which shall be filed with the court. If there is more than one defendant, all must sign and file a waiver unless the court in its discretion severs the cases."

[4]We acknowledge the amicus brief filed by the Committee for Public Counsel Services and the American Civil Liberties Union of Massachusetts.

Dery's failure to execute a written waiver of his right to be tried by fewer than six jurors, as required by rule 19 (b), is fatal to the validity of the trial, we conclude that the Commonwealth forfeited any such claim when it failed to object to proceeding on the basis of Dery's oral waiver, taken after a full colloquy under oath. While a written waiver (of a jury trial) is an important procedural safeguard deemed necessary by the Legislature to preserve trial by jury as a "basic and fundamental right in our judicial system," *Commonwealth* v. *Osborne*, 445 Mass. 776, 780 (2006) (citing G. L. c. 263, § 6),[5] it is a safeguard *"for the benefit of a criminal defendant"* (emphasis supplied). *Id.* The requirement set forth in rule 19 (b) that the defendant execute a written waiver to be tried by fewer than six jurors serves a similar purpose.[6] We fail to see how subjecting Dery to a second trial would safeguard his statutory and constitutional rights to a jury trial, further the purpose of rule 19 (b), or further any proper interest of the Commonwealth in this case. Therefore, we decline to exercise our supervisory powers under G. L. c. 211, § 3, and deny the Commonwealth's motion.

*So ordered.*

---

[5] In relevant part, G. L. c. 263, § 6, provides:

"Any defendant in a criminal case other than a capital case, whether begun by indictment or upon complaint, may, if he shall so elect, when called upon to plead, or later and before a jury has been impanelled to try him upon such indictment or complaint, waive his right to trial by jury by signing a written waiver thereof and filing the same with the clerk of the court."

[6] Rule 19 (b) is not technically applicable to this case insofar as it applies to the loss of a full jury "after jeopardy attaches." Jeopardy had not attached in this case at the time the defendant waived his right to a jury of six persons.