NOTICE:  All slip opinions and orders are subject to formal
revision and are superseded by the advance sheets and bound
volumes of the Official Reports.  If you find a typographical
error or other formal error, please notify the Reporter of
Decisions, Supreme Judicial Court, John Adams Courthouse, 1
Pemberton Square, Suite 2500, Boston, MA, 02108-1750; (617) 557-
1030; SJCReporter@sjc.state.ma.us

SJC-12640

COMMONWEALTH  vs.  RICHARD BENNEFIELD.


Middlesex.     February 4, 2019. - May 13, 2019.

Present:  Gants, C.J., Lenk, Gaziano, Lowy, Budd, Cypher, &
Kafker, JJ.


Waiver.  Practice, Criminal, Trial by jury, Waiver.


Complaint received and sworn to in the Marlborough Division
of the District Court Department on March 18, 2014.

The case was tried before Michael L. Fabbri, J., and a
motion for a new trial, filed on September 26, 2017, was
considered by him.

The Supreme Judicial Court on its own initiative
transferred the case from the Appeals Court.


Robert B. Graham for the defendant.
Timothy Ferriter, Assistant District Attorney, for the
Commonwealth.


BUDD, J.  The defendant was tried before a jury in the

District Court for cruelty to animals in violation of G. L.

c. 272, § 77.  During the trial, one of the six jurors was

excused from service for reasons unrelated to the case.  After

conducting a colloquy in which the judge informed the defendant of his right to a jury of six persons, the judge found that the defendant knowingly and voluntarily waived that right, and the trial continued with five jurors. The defendant was subsequently convicted. He unsuccessfully moved for a new trial, arguing that his waiver was invalid because it was not in writing pursuant to Mass. R. Crim. P. 19 (b), 378 Mass. 888 (1979) (rule 19 [b]). We transferred the defendant's appeal to this court on our own motion and conclude that a written waiver is unnecessary as long as the trial judge ensures, by way of a colloquy, that the defendant's decision to so proceed is made knowingly and voluntarily. We therefore affirm the denial of the defendant's motion for a new trial.

Facts and prior proceedings. The defendant was tried on one count of animal cruelty. During the lunch break prior to the close of evidence, a juror asked to be excused because of a death in his family. The trial judge granted the request, leaving a jury of five persons. See G. L. c. 218, § 26A. Defense counsel then notified the judge that the defendant wished to go forward with a five-person jury. The judge engaged in a colloquy with the defendant to ensure that the waiver of the full jury was knowing and voluntary.[1] However, the waiver

---

[1] The colloquy, in relevant part, was as follows:

The judge:  "Tell me your name, please."

The defendant:  "Richard Bennefield."

The judge:  "And how old are you, sir?"

The defendant:  "[Twenty]."

The judge:  "How far did you go in school?"

The defendant:  "This is -- this will be my last year of high school."

The judge:  "Any drugs, alcohol, controlled substances over the past [twenty-four] hours?"

The defendant:  "No."

The judge:  "Any other medications?"

The defendant:  "I take pills for my anxiety."

The judge:  "Does that medication interfere in any way with your ability to speak with your lawyer or the Court -- "

The defendant:  "No, sir."

The judge: "-- to make decisions?"

The defendant:  "No, sir."

The judge:  "Or to understand what's going on in the Court?"

The defendant:  "No."

The judge:  "And you heard your lawyer say that he spoke to you briefly about the issue with the juror.  I unfortunately had to excuse one of the jurors.  You have an absolute right to have a trial by six persons in the district court.  You have a right to have that jury decide unanimously by six, at least six, whether you're guilty or innocent.  And you . . . can waive that right.  I can't go

any lower than five. The law does permit a jury of five if you agree to it. Do you understand that?"

. . .

The defendant: "Yes, Your Honor."

The judge: "Have you had enough time to speak to [your attorney] about the benefits of going forward with a jury of five, or you can exercise your right to ask the Court to declare a mistrial and impanel another jury, which could not be today."

The defendant: "Yes, I have."

The judge: "And it's my understanding you made a decision to proceed with five jurors."

The defendant: "Yes, sir."

The judge: "And do you need any more time to talk to [your attorney] about that issue?"

The defendant: "No."

The judge: "Are you certain you want to proceed with just five jurors?"

The defendant: "Yes, sir."

The judge: "And you do understand, sir, that . . . they still have to be unanimous in their decision either for not guilty or five for guilty? And you want to voluntarily, willingly and knowingly give up your constitutional right to have a jury of six people decide this case and agree to go on with five?"

The defendant: "Yes, Your Honor."

. . .

The judge: "Okay. . . . You said you have anxiety. Have you been diagnosed with anxiety?"

The defendant: "Yes."

was not in writing, and the Commonwealth never stated a position regarding the waiver.

The defendant filed a notice of appeal, and then submitted an unopposed motion for a new trial. The defendant's motion was denied without a hearing. The defendant appealed from the denial of that motion, and the two appeals were consolidated. We transferred the case sua sponte for review.

---

. . .

The judge: "Anything else other than anxiety?"

The defendant: "I have depression, bipolar, . . . posttraumatic stress."

The judge: "Do any of those diagnoses interfere with your ability to -- again, to understand what's going on in court, communicate with your lawyer in the court and make decisions?"

The defendant: "No, sir."

The judge: "You've decided you want . . . to proceed with five?"

The defendant: "Yes."

The judge: "Okay. And [defense counsel], you had enough to time to speak to your client about going one way or another?"

Defense counsel: "Yes."

The judge: "Based on the colloquy that I've had with the defendant and the conversation with counsel, I find that you voluntarily, willingly and knowingly beyond a reasonable doubt has waived his right [sic] to a trial by six, and we'll proceed with five."

Discussion.  1.  <u>Waiver of right to full jury</u>.  General Laws c. 234A, § 68, governs, among other things, the empanelment of jurors.  It states in pertinent part:

> "Nothing in this section shall prevent the court from rendering a valid judgment based upon a verdict rendered by fewer jurors than required under this section where all parties have by stipulation agreed to this procedure. Nothing in this section shall prevent the court from entering a valid judgment based upon a verdict rendered by fewer or more jurors than required under this section or based upon procedures other than that specified in this section where all parties have by stipulation agreed to such a number of jurors or to such procedures."

Rule 19 (b), which is the procedural rule that addresses proceeding with less than a full complement of jurors, states in part:

> "If after jeopardy attaches there is at any time during the progress of a trial less than a full jury remaining, a defendant may waive his right to be tried by a full jury and request trial by the remaining jurors by signing a written waiver which shall be filed with the court."

The Commonwealth contends that notwithstanding rule 19 (b), because a written waiver is not statutorily required in order to proceed with fewer than the specified number of jurors, as long as the defendant waives this right knowingly and willingly, an oral waiver is valid.  The defendant argues that his conviction should be reversed because the existing statute and rule should be read together to require both a stipulation by the parties pursuant to G. L. c. 234A, § 68, and a written waiver pursuant to rule 19 (b).  We agree with the Commonwealth.

A review of the procedure to waive the right to a trial by jury is instructive. General Laws c. 263, § 6, provides: "Any defendant in a criminal case other than a capital case, whether begun by indictment or upon complaint, may, if he shall so elect, . . . before a jury has been impanelled to try him . . . , waive his right to trial by jury by signing a written waiver thereof and filing the same with the clerk of the court." See G. L. c. 218, § 26A ("Trial of criminal offenses in the Boston municipal court department and in the district court department shall be by a jury of six persons, unless the defendant files a written waiver and consent to be tried by the court without a jury"). The procedural rule corresponding to this statutory requirement, Mass. R. Crim. P. 19 (a), similarly calls for the waiver of the right to a jury trial to be in writing: "A case in which the defendant has the right to be tried by a jury shall be so tried unless the defendant waives a jury trial in writing with the approval of the court and files the waiver with the clerk . . . ."

We have recognized the requirement of a written jury waiver as a "legislative safeguard" designed "to create a moment of pause and reflection on the part of a defendant that is concomitant with signing one's name to a formal declaration relinquishing that right." Commonwealth v. Osborne, 445 Mass 776, 780 (2006). Thus, the lack of a written waiver of a

criminal defendant's right to a jury trial had been held to render the conviction of that defendant invalid. Id. at 781. See Commonwealth v. Wheeler, 42 Mass. App. Ct. 933, 934-935 (1997).

The defendant reasons that we similarly should enforce strictly the procedural rule requiring a written waiver of the right to a full complement of jurors. We disagree based on the legislative history of the statute and principles of statutory construction. Prior to the adoption of the rules of criminal procedure, waiver of the right to be tried by a full jury was governed by former G. L. c. 234, § 26A, and was required to be in writing.[2] The rule was intended to reflect existing practice, as provided in the statute. See Reporter's Notes to Rule 19, Mass. Ann. Laws Court Rules, Rules of Criminal Procedure, at 1701 (LexisNexis 2018) (rule 19 in accord with G. L. c. 234, § 26A). However, in 1979, the Legislature repealed this statute

---

[2] Prior to its repeal in 1979, G. L. c. 234, § 26A, stated in pertinent part: "Any defendant in the superior court in a criminal case, including a capital case, after a jury has been impanelled may, in case one or more jurymen shall die or become otherwise unable to serve, so that there are less than twelve jurors remaining, waive his right to be tried by a full jury of twelve and request trial by the remaining members of the jury thus impanelled by signing a written waiver and request and filing the same with the clerk of the court, whereupon the trial shall continue accordingly, and in every such case the court shall have jurisdiction of such case with the remaining members of the jury and may render judgment thereon." See Gallo v. Commonwealth, 343 Mass. 397, 399 (1961).

and amended G. L. c. 263, § 6, to require waiver of a jury trial altogether to be in writing.  See St. 1979, c. 344, §§ 9, 19. Three years later, the Legislature enacted G. L. c. 234A, § 68, which now addresses waiver of a full complement of jurors and requires only that "all parties have by stipulation agreed to this procedure."  See St. 1982, c. 298, § 1.

Here, the Legislature reasonably could have recognized that there is a difference between choosing between a jury trial and a bench trial, where a defendant must decide whether to be tried by members of the community or by a single judge, and choosing between a trial by a full complement of jurors and a trial by somewhat less than a full jury.  Cf. Commonwealth v. Hubbard, 457 Mass. 24, 28 (2010) (in enacting G. L. c. 263, § 6, "[t]he Legislature reasonably could have decided that a written jury trial waiver is paramount in circumstances where . . . a judge, instead of a jury, is to determine a defendant's guilt"). Moreover, "[w]here the Legislature has deleted . . . language, apparently purposefully, the current version of the statute cannot be interpreted to include the rejected requirement. Reading in language that the Legislature chose to remove . . . violates basic principles of statutory construction and impermissibly interferes with the legislative function."  AIDS Support Group of Cape Cod, Inc. v. Barnstable, 477 Mass. 296, 303 (2017), quoting Commonwealth v. Porges, 460 Mass. 525, 530

(2011). See <u>Plumb</u> v. <u>Casey</u>, 469 Mass. 593, 598 (2014), quoting <u>Ropes & Gray LLP</u> v. <u>Jalbert</u>, 454 Mass. 407, 412-413 (2009) ("When amending a statute or enacting a new one, the Legislature is presumed to be aware of prior statutory language").

Thus, we conclude that a waiver of the right to be tried by a full complement of jurors need not be in writing, notwithstanding rule 19 (b), where the rule no longer reflects the statutory language.[3] See <u>Commonwealth</u> v. <u>Pamplona</u>, 58 Mass. App. Ct. 239, 242-243 (2003) ("truncated" colloquy without written waiver sufficient for defendant to knowingly and voluntarily waive right to counsel at criminal trial).

Importantly, although we conclude that a written waiver of this right is not required, the waiver nonetheless must be knowing and voluntary. See, e.g., <u>Ciummei</u> v. <u>Commonwealth</u>, 378 Mass. 504, 507 (1979) ("a conviction cannot stand which follows upon a jury waiver that is not freely and knowingly given").

---

[3] The defendant's reliance on <u>Commonwealth</u> v. <u>Dery</u>, 452 Mass. 823 (2008), is misplaced. There, we stated that the written waiver requirement of the procedural rules in connection with being tried by fewer than the specified number of jurors served a similar purpose as the written waiver required to proceed with a jury-waived trial, noting that the written waiver requirement for the latter is an important safeguard for defendants. See <u>id</u>. at 825. However, we did so in the context of rejecting the Commonwealth's attempt to invoke Mass. R. Crim. P. 19 (b) to invalidate a trial in which the defendant was acquitted by fewer than six jurors without having executed a written waiver. See <u>id</u>. at 824-825. We did not confront then the issue before us today.

Accordingly, the trial judge must engage in a colloquy with the defendant to ensure that the waiver is, in fact, knowing and voluntary. The Ciummei case set forth the principles that a colloquy concerning waiver of a jury trial should cover.[4] Id. at 509-510. The same principle applies to cases where, as here, the defendant was waiving the right to a trial by the full complement of a jury.[5]

A colloquy, which allows the judge to personally evaluate the defendant's state of mind and explain the nature of the jury trial right and the waiver, is in many ways more important than

---

[4] "In the exchange, the judge will advise the defendant of his constitutional right to a jury trial, and will satisfy himself that any waiver by the defendant is made voluntarily and intelligently. We do not intend to create a rigid pattern but note that, where a defendant needs a compendious reminder, the judge might state that the jury consists of members of the community, that the defendant may participate in their selection, that the verdict of the jury must be unanimous, that they decide guilt or innocence while the judge makes rulings of law in the course of the trial, instructs the jury on the law, and imposes sentence in case of guilt; and that, where a jury is waived, the judge alone decides guilt or innocence in accordance with the facts and the law. The judge should make sure that the defendant has conferred with his counsel about the waiver, and that he has not been pressured or cajoled and is not intoxicated or otherwise rendered incapable of rational judgment." Ciummei v. Commonwealth, 478 Mass. 504, 509-510 (1979).

[5] During the colloquy, the trial judge stated that he would not proceed with fewer than five jurors. We agree generally with the proposition that courts disfavor trials by smaller juries, see generally Ballew v. Georgia, 435 U.S. 223, 239-244 (1978) (opinion of Blackmun, J.); however, we are not aware of any applicable authority that prevents a defendant from consenting to trial by fewer than five jurors after jeopardy attaches.

a written waiver -- that is, although a colloquy can be sufficient without a written waiver, a written waiver can never be sufficient without a colloquy. Cf. Commonwealth v. Pavao, 423 Mass. 798, 802 (1996) (colloquy requirement in Ciummei case is "bright line rule"). To the extent that there are concerns about documenting the waiver, we conclude that a colloquy on the record will be sufficient.

2. Validity of defendant's waiver. Here, when the juror was excused, it was defense counsel who indicated the desire to continue the trial with the five remaining jurors. A thorough colloquy was conducted on the record, in which the judge inquired as to the defendant's education and medical history, the extent of the consultation with his attorney, and his understanding of the "absolute" and "constitutional" right being waived. See note 1, supra. There is no claim that the defendant did not understand the difference between being tried by five rather than six jurors, or that he did not have an adequate opportunity to consult with counsel. After the colloquy, the judge found that the defendant's decision to go forward was made knowingly and voluntarily "beyond a reasonable doubt." The defendant does not dispute this finding.[6]

---

[6] The defendant contends that the trial was fatally flawed because there is no indication that the parties "by stipulation agreed" to go forward with fewer than the specified number of

Conclusion. For the foregoing reasons, we conclude that the defendant's waiver of his right to a six-person jury was valid. The denial of his motion for a new trial is therefore affirmed.[7]

So ordered.

---

jurors. See G. L. c. 234A, § 68. This argument is unavailing. A stipulation is an "agreement made by the attorneys engaged on opposite sides of a cause (especially if in writing), regulating any matter incidental to the proceedings or trial, which falls within their jurisdiction." Black's Law Dictionary 1415 (6th ed. 1990). There is no factual dispute as to the parties' agreement to proceed with five jurors. However, the defendant argues that G. L. c. 234A, § 68, must be read to require more than a mere agreement, such as a writing or an oral accord on the record. Although a stipulation may be in writing, it is clear from the above definition that it need not be. Further, the fact that the trial went forward without objection demonstrates on the record the parties' apparent agreement to do so. Further, we decline to "read into the statute a provision which the Legislature did not see fit to put there." Chin v. Merriot, 470 Mass. 527, 537 (2015), quoting Commissioner of Correction v. Superior Court Dep't of the Trial Court for the County of Worcester, 446 Mass. 123, 126 (2006).

[7] We ask this court's standing advisory committee on the rules of criminal procedure to propose an amendment to Mass. R. Crim. P. 19 (b) consistent with this opinion.